**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Shayne W. Bailey, Individually** | ) | **CASE NO. 1:09 CV 1096** |
| **and on behalf of all others similarly** | ) | |
| **situated,** | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **City of Broadview Heights, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion for Clarification of the

Court's Order Certifying Class (Doc. 23).  For the following reasons, the motion is granted.

**Facts**

Plaintiff, Shayne W. Bailey, Individually and on behalf of all others similarly situated,

filed this Complaint against defendants, City of Broadview Heights, Ohio and Samuel J. Alai,

in his official capacity as Mayor of the City of Broadview Heights, Ohio and in his individual

capacity.  The facts have been previously set forth in this Court's prior Memorandum of

Opinion and Order and will only be set forth briefly here.

1

Plaintiff was cited by the Broadview Heights police as a result of his involvement in a motor vehicle accident.  The traffic ticket required him to appear in the City of Broadview Heights Mayor's Court on November 20, 2008.  He appeared and plead no contest.  Mayor Alai assessed a fine and court costs which plaintiff did not pay on that date.  As a result, a complaint for contempt of court was issued and plaintiff appeared in the Mayor's Court on December 4, 2008, and plead guilty.

**Discussion**

This Court previously certified the following class as requested by plaintiff:

> All persons who since November 1, 2007 were defendants appearing in cases that were heard and decided in the City of Broadview Heights Mayor's Court during which Samuel J. Alai, Mayor of the City of Broadview Heights, presided over such Mayor's Court and proceeded to find such Mayor's Court defendants guilty and who paid any fine, court costs or fees as a result of being found guilty by Samuel J. Alai.

Although the issues were not previously addressed, defendants now seek "clarification" so that the class is certified to include:

> Those persons who entered pleas of "no contest" before Defendant Mayor Alai in the Broadview Heights Mayor's Court between December 1, 2007 and May 12, 2009.

Plaintiff asserts that he is in agreement that the relevant time period should be between November 1, 2007 and May 12, 2009.  (Doc. 24 at 5) There is no dispute, however, that Mayor Alai did not take office until December 1, 2007.  Accordingly, the Court finds the relevant time period to be between December 1, 2007 and May 12, 2009.

Plaintiff does dispute defendants' assertion that the class only include persons who entered pleas of "no contest" before Mayor Alai during the relevant time period.  For the following reasons, the Court agrees with defendants.

Ohio Revise Code § 2937.07 states in pertinent part:

2

If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake... Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives. After hearing the explanation of circumstances, together with any statement of the accused, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

In *State of Ohio v. Baker,* 119 Ohio St.3d 197 (2008), the court stated,

There are four ways that a defendant can be convicted of a criminal offense. A defendant may plead guilty either at the arraignment or after withdrawing an initial plea of not guilty or not guilty by reason of insanity. A defendant may enter a plea of no contest and be convicted upon a finding of guilt by the court. A defendant may be found guilty based upon a jury verdict. A defendant also may be found guilty by the court after a bench trial. Any one of these events leads to a sentence...

...

Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird*, 81 Ohio St.3d 582, 584  (1998), a plea of guilty requires no finding or verdict. *Kercheval v. United States,* 274 U.S. 220, 223 (1927), ('A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction.Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.')

On this basis, Mayor Alai did not adjudicate, hear and decide, or enter findings of guilt in those cases in which persons entered pleas of guilty.  Rather, he only received the guilty pleas and entered them as a matter of record without any exercise of discretion.  Thus, the wording of the previous certification proposed by plaintiff, "All persons who...  were defendants appearing in cases that were heard *and decided* in the City of Broadview Heights Mayor's Court during which Samuel J. Alai, Mayor of the City of Broadview Heights, presided over such Mayor's Court and *proceeded to find such* Mayor's Court *defendants guilty* and who paid any fine, court costs or fees *as a result of being found guilty* by Samuel J. Alai" could not include those who plead guilty.  For this reason, the Court agrees with defendants that the

3

class should not include persons who entered guilty pleas but only those who entered "no contest" pleas.

Plaintiff does not address the law referenced above but argues that a spreadsheet provided to plaintiff by defendants in discovery shows that Mayor Alai made "findings" in all cases, whether a person plead guilty or no contest.  Plaintiff points to a document with the heading, "Broadview Heights Mayor's Court- For All cases with findings between 7/01/2009 and 7/31/2009."  The document lists all cases heard in the Mayor's Court, including those dismissed, or where the person plead guilty or no contest.  On the basis of this document, plaintiff contends that the Mayor himself used the term "plea" and "finding" even where a guilty plea was entered.  Accordingly, plaintiff asserts that because Alai indicates that he made findings in all cases, including those in which a person entered a guilty plea, the latter persons should not be excluded from the class.

Defendant points out that the spreadsheets were prepared by the Clerk of the Broadview Heights Mayor's Court.  Nonetheless, the spreadsheets cannot constitute any sort of admission by the Mayor that he made "findings" or an "adjudication" in cases where a person entered a guilty plea.  The Court agrees with defendants that the spreadsheets have no legal significance in light of the law addressed above which states that a judge does not make a finding of guilty when he accepts a guilty plea.  Plaintiff asserts that the Mayor made an "adjudication" whether the plea was guilty or no contest.  But, plaintiff provides no legal support.

**<u>Conclusion</u>**

For the foregoing reasons, this Court's previous order certifying the class is clarified

4

to state that the class is certified to include:

>Those persons who entered pleas of "no contest" before Defendant Mayor Alai in the Broadview Heights Mayor's Court between December 1, 2007 and May 12, 2009.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan_____
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/2/10

5