**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Shayne W. Bailey, | ) | CASE NO. 1:09 CV 1096 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Broadview Heights, Ohio, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 28) and Joint Motion for Summary Judgment of Defendants City of Broadview Heights and Samuel J. Alai (Doc. 29). For the following reasons, plaintiff's motion is DENIED and defendants' motion is GRANTED.

### Facts

Plaintiff, Shayne W. Bailey, Individually and on behalf of all others similarly situated, filed this Complaint against defendants, City of Broadview Heights, Ohio (hereafter, the City) and Samuel J. Alai, in his official capacity as Mayor of the City of Broadview Heights, Ohio (hereafter, Mayor Alai) and in his individual capacity.

1

The facts are not in dispute.[1] The City operates a Mayor's Court as provided for in Ohio Revised Code § 1905.01, *et seq*[2]. Mayor Alai presides over the Mayor's Court pursuant to the City's Charter which states, "The Mayor shall have all the judicial powers granted by the general laws of Ohio to mayors of cities…." (Doc. 29 Ex. A)  Under the City Charter, Mayor Alai has the executive powers of "chief executive officer" of the City and is one of the City officials responsible for the City's budget and its operation. (*Id.* Ex.B; Am. Answer ¶¶ 6, 20) Mayor Alai is also the "chief conservator of the peace" under the City Charter and is required by it to see that all laws and ordinances are enforced within the City. (Doc. 29 Ex. B)

On November 12, 2008, plaintiff was served by a law enforcement officer for the City with a minor misdemeanor traffic citation for failure to maintain his vehicle at an assured clear distance which caused a rear end collision. Plaintiff was served with a summons to appear in the Mayor's Court on November 20, 2008. Plaintiff was present for some period of time at the Mayor's Court on November 20, 2008. Defendant Mayor Alai presided over the Mayor's Court on this date.  Mayor Alai accepted a voluntary plea of "no contest" from plaintiff, entered a finding of guilty, and issued a fine of $100.00 plus court costs of $80.00. (pltf. depo. and Exs. thereto)

---

[1] Plaintiff presents no statement of facts. Additionally, this Court has addressed the facts in its earlier Opinions regarding class certification.

[2] § 1905.01(A) states in part, "In ... all other municipal corporations having a population of more than one hundred... not being the site of a municipal court ... the mayor of the municipal corporation has jurisdiction... to hear and determine any prosecution for the violation of an ordinance of the municipal corporation, to hear and determine any case involving a violation of a vehicle parking or standing ordinance of the municipal corporation ... and to hear and determine all criminal causes involving any moving traffic violation occurring on a state highway located within the boundaries of the municipal corporation...

Plaintiff left the Mayor's Court on November 20, 2008, prior to paying his fine and court costs and without notifying the Court or its Clerk that he was leaving. As a result, the Mayor's Court Clerk signed a criminal complaint against plaintiff for contempt of court for failure to appear and summoned him to appear on December 4, 2008. Plaintiff did appear in Mayor's Court on December 4, 2008. Mayor Alai presided over the Mayor's Court on this date and accepted a voluntary plea of guilty from plaintiff on the contempt of court charge and issued a fine of $100.00 and no court costs. (*Id.* Ex.D)

Plaintiff thereafter filed this Complaint wherein he asserts a violation of due process pursuant to 42 U.S.C. §1983. The Complaint asserts that in *DePiero v. City of Macedonia,* 180 F.3d 770 (6th Cir. 1999), the Sixth Circuit held that a Mayor of an Ohio municipality who is its Chief Executive Officer with widespread executive powers and administrative responsibilities lacks authority to preside over the Mayor's Court because the powers vested to him put him in inconsistent positions and result in the denial of due process to those appearing before him as defendants. Because *DePiero* was decided more than nine years before Mayor Alai presided over plaintiff's two cases in Mayor's Court, the law was clearly established that Alai would deny plaintiff due process of law. For the same reason, Alai acted in the clear absence of jurisdiction in plaintiff's cases. Additionally, the City of Broadview Heights is liable for the unconstitutional actions of Mayor Alai. (Verified Compl.)

This matter is now before the Court upon the cross motions for summary judgment filed by the parties. The motions will be addressed simultaneously.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and

3

the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

**(1) Section 1983 Due Process Claim**

To prevail on his § 1983 claim, plaintiff "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir.2006). It is undisputed that defendants acted under color of state law. The issue is whether plaintiff's due process rights were violated.

Plaintiff argues that he is entitled to summary judgment on his due process claim because Mayor Alai, under the holding of *DePiero, supra*, is constitutionally disqualified, *per se*, from presiding over a mayor's court in that he is the Chief Executive Officer of the City. While agreeing that Mayor Alai has broad executive powers and administrative responsibilities, defendants contend that they are entitled to summary judgment because *DePiero* is inapplicable to uncontested cases such as the one here where the mayor merely performed a ministerial function. For the following reasons, the Court agrees with

5

defendants.

Citing *Tumey v. Ohio*, 273 U.S. 510 (1927), *Dugan v. Ohio*, 277 U.S. 61 (1928), and *Ward v. Village of Monroeville,* 409 U.S. 57 (1972), the *DePiero* court recognized that constitutional facial challenges to O.R.C. § 1905.01 authorizing Ohio mayor's courts have been rejected by the United States Supreme Court which "found no fatal defect in the overarching system that permits a mayor simultaneously to exercise some combination of executive and judicial functions." *DePiero*, 180 F.3d at 777. Nonetheless, "the structure of the courts in practice must be such that the particular combination of executive powers vested in the mayor does not impair his ability to serve also as a neutral arbiter." *DePiero*, 180 F.3d at 777. The test has been stated as whether "the mayor's situation is one 'which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear, and true between the state and the accused ...' " *Ward,* 409 U.S. at 60, (quoting *Tumey*, 273 U.S. at 532). Thus, in *Tumey,* due process was compromised where the mayor had a "direct, personal, substantial pecuniary interest" in convicting the defendant who came before him for trial. In *Dugan*, by contrast, there was no due process violation where the mayor who presided over contested cases was not the chief executive and had no pecuniary interest in cases tried in mayor's court. In *Ward*, defendant, who was convicted of two traffic offenses in the mayor's court, was deprived of a neutral and detached magistrate, and therefore due process, where the mayor had wide executive powers and his executive responsibilities for village finances may have made him partisan to maintaining the high level of contribution from the mayor's court. *Rose v. Village of Peninsula*, 875 F.Supp. 442 (N.D.Ohio 1995),

considered these Supreme Court cases in determining whether, after *Ward*, the "substantiality" of mayor's court revenues as a percentage of overall revenues was determinative in addressing the constitutionality of convictions in mayor's court and concluded that although substantiality of revenues is an important factor to consider, it is not determinative and the absence of evidence of substantiality does not necessitate a finding of impartiality.

     *DePiero* applied these cases in addressing plaintiff's claim that he was deprived of due process when the mayor presided over his contested case given that the mayor had broad executive powers which would preclude his ability to act as a neutral arbiter.  In *DePiero*, plaintiff was issued a parking ticket by a police officer in Macedonia, Ohio.  A hearing on the citation was docketed in Macedonia Mayor's Court.  Plaintiff failed to pay the ticket or appear in court.  A summons was mailed to his home address ordering him to appear in court and warned that if he failed to appear he could be arrested.  After he failed to pay the fine for the violation or appear to contest the ticket in Mayor's Court, the mayor issued a bench warrant for plaintiff's arrest and set a bond.  A criminal contempt charge was also brought against him.  Subsequently, plaintiff was stopped by a police officer in another city for an unrelated traffic offense. The officer informed plaintiff of the Macedonia bench warrant and ultimately plaintiff was transported to the police station in Macedonia. He was released from custody after posting bond. After pleading not guilty to the traffic and contempt charges, plaintiff was tried in Mayor's Court.  The mayor found him guilty of both the misdemeanor parking violation and the criminal contempt charge, and he was fined for both. Plaintiff appealed his convictions to the Cuyahoga Falls Municipal Court, which dismissed both charges against

7

him.

Plaintiff then sued in the district court under 42 U.S.C. § 1983 alleging, *inter alia,* that the Ohio statute authorizing mayor's courts is unconstitutional and that he was deprived of due process.  The Sixth Circuit rejected plaintiff's challenge to the statute based on the United States Supreme Court precedent discussed above.  The court, however, agreed that there was a due process violation.  The court recognized that the issue before it was "whether the level of executive authority vested in the [mayor] is broad so that it becomes reasonable to question his impartiality even if he collects a fairly small amount of general fund revenue through the mayor's court." *DePiero,* 180 F.3d at 780 (citing *Rose v. Village of Peninsula*, 875 F.Supp 442 (N.D.Ohio 1995)). The court assessed the mayor's powers and concluded that he was vested with broad executive powers and a degree of administrative powers comparable to mayors whose courts were found unconstitutional in prior cases. Accordingly, the court found that plaintiff was deprived of due process when the mayor tried his contested traffic and criminal contempt charges given that the "broad reach" of the mayor's "executive powers and his sweeping administrative responsibilities necessarily puts him in two practically and seriously inconsistent positions, one partisan and the other judicial."  *Id.* at 782 (citing *Ward v. Village of Monroeville,* 409 U.S. 57 (1972) and *Tumey v. Ohio*, 273 U.S. 510 (1927) ).  The court noted that the "mere *possibility* to ignore the burden of proof is all that is required."  *Id.* The court further found that because of his wide executive powers and administrative responsibilities, the mayor lacked authority to preside over the Mayor's Court and so plaintiff was also deprived of due process when the mayor issued the bench warrant for his arrest.

As pointed out by defendants herein, the cited rationale applies to *contested* cases

8

decided by a mayor in mayor's court.  In fact, all the cases discussed heretofore involved contested cases, i.e., *Tumey* (after pleading not guilty, the defendant was tried by the mayor and convicted), *Dugan* (the defendant was convicted by the mayor in the mayor's court), and *Ward* (the defendant was convicted by the mayor in the mayor's court). The *Ward* court specifically noted,

> The question presented on this record is the constitutionality of the Mayor's participation in the adjudication and punishment of a defendant in a litigated case where he elects to contest the charges against him. We intimate no view that it would be unconstitutional to permit a mayor or similar official to serve in essentially a ministerial capacity in a traffic or ordinance violation case to accept a free and voluntary plea of guilty or nolo contendere, a forfeiture of collateral, or the like.

*Ward,* 409 U.S. at fn. 2.  *Rose*, too, stated that "whether a defendant convicted in a *contested* case in an Ohio village mayor's court has been denied due process of law does not simply depend on whether the fee revenue produced by that mayor's court is 'substantial' ... [rather] the thrust of the inquiry is whether the mayor 'occupies two practically and seriously inconsistent positions, one partisan and the other judicial.'" *Rose*, 875 F.Supp at 452 (emphasis added).  Finally, *DePiero* recognized that it was the possibility of a mayor presiding over a *contested* case to give undue credence to the police officer and ignore the burden of proof that would deprive a defendant of due process.

      The case herein concerns an uncontested case wherein the mayor accepted the plea of no contest,[3] entered a finding of guilty, and issued fines and court costs. Defendant contends that Mayor Alai's action was ministerial in nature and, therefore, *DePiero* does not apply.

---

[3] The Court has previously limited the class to include those entering pleas of no contest and, therefore, plaintiff's voluntary plea of guilty on the contempt of court charge is not addressed.

9

This Court agrees.

In *Micale v. Village of Boston Heights,* 1997 WL 225512 (6th Cir. May 1, 1997), decided about two years prior to *DePiero*, the Sixth Circuit "decline[d] to extend the holding of *Ward* that is applicable to not guilty pleas to encompass no contest pleas." *Id.* at * 4.

The plaintiff in *Micale* appeared in the mayor's court and entered a no contest plea to the offense of speeding before the mayor who was the financial and administrative officer of the village. The mayor entered a finding of guilt and imposed a fine and court costs. The plaintiff then filed a § 1983 action arguing that due process was violated by the mayor taking the no contest plea. The court disagreed. In doing so, the court rejected plaintiff's argument that a no contest plea is not a ministerial function that can be carried out by a mayor acting in both an executive and judicial function. The Court recognized *Ward*'s limitation of its holding to litigated cases where a defendant elects to contest the charges against him and distinguished the case before it:

> [Plaintiff] argues that the taking of a plea of no contest is not a ministerial function, but instead, is a discretionary function that entails a determination of guilt. [Plaintiff] therefore contends, pursuant to *Ward*, that a plea of no contest is entitled to the same procedural safeguards as a litigated matter.
>
> Under Ohio law, a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the complaint. Ohio R.Crim.P. 11(B)(6); Ohio Traf.R. 10(B)(2). Further, pursuant to Ohio law, courts must conduct the following inquiry before accepting a no contest plea:
>
>> If the plea be "no contest" ... in pleading to a misdemeanor, it shall constitute a stipulation that the judge ... may make a finding of guilty or not guilty from the explanation of the circumstances, and if guilt be found, impose or continue for sentence accordingly.
>
> Ohio Rev.Code § 2937.07. [Plaintiff] therefore contends that the mayor cannot act as a "neutral and detached" judge because the mayor-who also is responsible for law enforcement and the financial condition of Boston Heights-ultimately determines a

10

> defendant's guilt after a no contest plea.
>
> We disagree. The fact that the mayor makes a finding of guilty or not guilty after an explanation of the circumstances of the case does not elevate the taking of a no contest plea to the level of an adjudication of guilt after a not guilty plea, in which a defendant is contesting the charges brought against him. In a no contest plea, a defendant admits the truth of the facts alleged in the complaint; the mayor then can refuse to accept the plea by determining that the uncontested facts do not rise to the level of a violation of the law. This procedure simply does not require the same safeguards as the complete discretion involved in an adjudication of a plea of not guilty, in which the facts alleged in the complaint are very likely in dispute.
>
> Thus, Chapter 1905 of the Ohio Revised Code and Ohio Traffic Rule 9[4] fully comply with the dictates of *Ward*: a defendant who contests the charges against him is entitled to adjudication by a judge who does not have a pecuniary interest in the case. A guilty plea or a no contest plea, on the other hand, are ministerial functions which a mayor-even one with a pecuniary interest-may carry out. We therefore decline to extend the holding of *Ward* that is applicable to not guilty pleas to encompass no contest pleas. We find that the mayor acted in a ministerial role when taking [plaintiff's] plea of no contest. [Plaintiff's] due process rights were not violated; accordingly, defendants are entitled to summary judgment as to this issue.

*Micale,* 1997 WL 225512 at *4.

*Micale* is on point and compels the same conclusion here, i.e., Mayor Alai's ministerial action in taking the no contest plea did not violate plaintiff's due process. Plaintiff, however, disagrees.  But none of the arguments put forth by plaintiff require the Court to reach a different conclusion.

First, plaintiff argues *DePiero* is applicable because although *DePiero* did involve a case where a not guilty plea had been entered, the court also determined that plaintiff had

---

[4] *Micale* noted that the Ohio Traffic Rules set forth the procedural aspects of mayors' courts hearing traffic violations.  As set forth below at footnote 7, Ohio Traffic Rule 9 provides that guilty and no contest pleas may be taken by any mayor regardless of whether his compensation is dependent upon criminal case convictions or he is chief executive and administrative officer of the municipality.

11

been deprived of due process when the mayor issued a bench warrant for plaintiff's arrest due to his failure to appear.  The court stated:

> By virtue of the breadth of his executive powers and administrative responsibilities, Mayor Migliorini lacked authority to preside over the Mayor's Court.  Therefore we are also compelled to find that plaintiff was deprived of due process when the Mayor issued a bench warrant for plaintiff's arrest on account of his failure to appear in Mayor's Court.

*DePiero,* 180 F.3d at 783. Plaintiff contends that since the *DePiero* court determined that the mayor lacked authority to preside over the Mayor's Court *at all*, that holding means that Mayor Alai lacked authority to preside over the Broadview Heights Mayor's Court at all times, i.e., from the day he took office until his last day as mayor given his wide executive power and administrative responsibilities.  Second, plaintiff posits that because *Micale, supra,* is an unpublished Sixth Circuit decision, it is not controlling precedent and not binding and, therefore, should not be followed by this Court.  Rather, plaintiff asserts, the Court is bound by the published decision of *DePiero.*  Third, plaintiff asserts that *Micale* was wrongly decided.

Plaintiff's first argument fails for a couple of reasons.  Initially, as stated above, *DePiero,* based on United States Supreme Court precedent, upheld the constitutionality of O.R.C. § 1905.01, the state statute granting jurisdiction to Ohio mayors to preside over prosecutions in mayor's courts for violations of municipal ordinances and state traffic laws.  Thus, plaintiff's assertion that Mayor Alai lacks any authority to preside over the Mayor's Court at all is unavailing.  Rather, *DePiero* concluded that the mayor's broad executive powers and administrative responsibilities may have impaired his ability to serve as a neutral arbiter in presiding over the contested traffic and criminal contempt charge as well as the

12

issuance of the arrest warrant which requires a "neutral and detached"judicial officer.  The court recognized that the issuance of the bench warrant required a determination of probable cause.  For the same reason that the mayor could not preside over the contested case, he lacked authority to issue the warrant. Plaintiff herein was served with a failure to appear citation issued by the Mayor's Court Clerk, not Mayor Alai. A bench warrant for arrest was not issued.[5] Citing to *Shadwick v. City of Tampa,* 407 U.S. 345 (1972), *DePiero* recognized that municipal court clerks are "neutral and detached, and therefore able to issue warrants for persons charged with breach of municipal ordinances..."  Additionally, as discussed above, plaintiff voluntarily entered a plea of guilty to the failure to appear charge.  He had also entered a plea of no contest on the misdemeanor traffic citation.  Thus, as well as not being a contested case being heard and decided by a mayor presiding over a mayor's court, this case does not involve a bench warrant issued by a mayor with respect to a contested case.  *DePiero* does not apply.

      Nor is this Court required to ignore *Micale* as proposed by plaintiff.  "Unpublished opinions of this court are not precedentially binding under the doctrine of stare decisis, but may be considered for their persuasive value."  *Hamilton v. General Elec.* Co., 556 F.3d 428 (6th Cir. 2009) (citing *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir.2007)). As discussed above, the published opinion of *DePiero* is distinguishable from the case herein and from *Micale*.  The latter appears to be the only Sixth Circuit opinion speaking to those

---

[5]     The citation stated that plaintiff violated "Local Ordinance 290.02 Contempt of Court to Wit Failure to Appear."  Plaintiff was summoned to appear in the Broadview Heights Mayors Court on December 4, 2008.  The citation also stated, "If you fail to appear at the time and place stated below you may be arrested." (pltf. depo. Ex. D)

particular facts, which apply in this case.  The Court finds *Micale* to be persuasive regarding the issue herein.

Finally, plaintiff contends that defendants' assertion that Mayor Alai was acting in a ministerial capacity and *Micale*'s conclusion that the mayor acted in a ministerial capacity in accepting the no contest plea are contrary to Ohio law.  This Court disagrees.

In *State v. Bird,* 81 Ohio St.3d 582 (1998), the Ohio Supreme Court stated, "According to Crim.R. 11(B)(2), a no contest plea is 'not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *.' Therefore, we have held that where the indictment... contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense."  Further, "If there had been a trial, the state would have had to prove beyond a reasonable doubt all elements of the indictment...  However, with a no contest plea, the state was relieved of these obligations. The state only had to allege sufficient facts to charge a violation [of the statute]."

*Micale's* reasoning and conclusion, set forth above, is not to the contrary.  Not only is *Micale* consistent with Ohio law, but the Ohio Supreme Court cases to which plaintiff refers do not stand for the proposition, as plaintiff asserts, that in accepting a no contest plea a judge does not act in a ministerial capacity but has absolute discretion to find a defendant guilty or not guilty. Rather, those cases only acknowledge that when accepting a no contest plea, a judge enters a finding of guilty or not guilty after an explanation of circumstances.

Plaintiff points to the Ohio Supreme Court decision of *City of Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148 (1984).  There, the Ohio Supreme Court had certified the question

of " whether the provision in R.C. 2937.07[6] for an explanation of circumstances following a plea of no contest has been superseded by the enactment of Crim.R. 11" which states, "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint." The court concluded that § 2937.07 did confer a substantive right and, therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. On that basis, the court found that the statute was not superceded by Criminal Rule 11. The court, quoting *Springdale v. Hubbard*, Ohio App.2d 255 (1977)), interpreting O.R.C. § 2937.07 stated:

> In our opinion, the * * * language of [O.R.C. § 2937.07] contains a substantive right. In other words, we believe that a defendant has a substantive right to be discharged by a finding of not guilty where the statement of facts reveals a failure to establish all of the elements of the offense. If this were not so, assuming the complaint or indictment to be properly worded, the trial court would be bound to ignore a failure of the facts to establish a necessary element of a case and simply make the finding of guilty in a perfunctory fashion. We do not believe that is what the rule intends, and it is difficult

---

[6] The court recognized that O.R.C. § 2937.07 stated in part, "If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * * "

Later amendments do not change the substance of the statute: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of 'no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding."

15

>for us to conceive a more substantive right than to be found not guilty under proper circumstances.
>
>We find the *Springdale* court's reasoning to be persuasive and hereby adopt its conclusion that R.C. 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. Consequently, we reject appellee's contention and the holding of the court below that R.C. 2937.07 is purely procedural and hence susceptible to supersession by the Criminal Rules.

Plaintiff asserts that the meaning of *City of Cuyahoga Falls* is that a judge does not act in a ministerial capacity but rather has absolute discretion to find a defendant guilty or not guilty following a plea of no contest and a defendant has a substantive right to be found not guilty following a no contest plea.  The court, however, did not state that a judge has absolute discretion in entering a finding on a no contest plea or that a defendant has a substantive right to be found not guilty on a no contest plea.  Rather, a judge has a duty to take an explanation of circumstances on a plea of no contest before entering a finding of guilty or not guilty. In that case, the judge had failed to take an explanation of circumstances and the plea was vacated.

Plaintiff also points to *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380 (1978). There, the defendant entered a no contest plea and, after an explanation of circumstances, the municipal judge found the defendant guilty of a lesser charge.  The prosecutors filed a mandamus action in the appellate court seeking to vacate the reduction of the charge.  The Ohio Supreme Court reversed that court's issuance of the writ on the basis that defendant could be placed in double jeopardy.  It was not disputed that the trial court had the power to consider whether the facts alleged in the complaint, which are admitted by the plea of no contest, constituted the basis for a finding of guilty or not guilty. The court stated, "In the

16

event of a finding of not guilty as to the principal charge, the court may find defendant guilty of a lesser-included offense. If the court, in so exercising its power, erred to the prejudice of defendant, the defendant's remedy is to appeal to the Court of Appeals. The state, however, has no right to appeal a judgment in a criminal case..." Plaintiff herein seizes on the language that the judge had the discretion to find the defendant guilty or not guilty. But, as recognized by *Micale,* and with which this Court agrees, the fact that the judge makes a finding of guilty or not guilty after an explanation of the circumstances "does not elevate the taking of a no contest plea to the level of an adjudication of guilt after a not guilty plea." The court's conclusion in *Sawyer* does not shake this reasoning.

Likewise, *State ex rel. Leis v. Gusweiler,* 65 Ohio St.2d 60 (1981), rejected a mandamus request after the trial court found the defendant guilty of a lesser offense upon hearing the admitted facts on the no contest plea. Again, although it was recognized that the trial court had the discretion to accept the no contest plea and resolve the factual elements of the charged offense against the state, the court did not state, nor does it mean, that a judge does not make a ministerial finding of guilty in taking a no contest plea.

Finally, *State ex rel. Butler v. Demis,* 66 Ohio St.2d 123 (1981), involved a judge's authority to appoint counsel of its own choosing for indigent defendants and the court only cited *Sawyer* for the holding that where a court has discretion to act, mandamus will not lie to control the exercise of that discretion, even if abused.

Plaintiff asserts, as evidenced by *Village of Brookville v. Scheuman*, 50 Ohio Misc.2d 19 (1988), that Ohio's state courts have followed *Cuyahoga Falls* without exception to hold that a defendant does not admit his guilt with a no contest plea but that the issue of guilt is

17

determined by the judge who exercises discretion in doing so.  In *Scheuman*, defendant entered a plea of no contest to an open liquor container violation.  The common pleas court construed the statute at issue to not prohibit defendant's particular conduct and found the defendant not guilty.  Once again, merely because a judge can make a finding of not guilty after a no contest plea does not equate to the "complete discretion involved in an adjudication of a plea of not guilty, in which the facts alleged... are very likely in dispute."  *Micale* at *4.

Lastly, plaintiff points to two United States Supreme Court decisions which address what is not considered a ministerial action taken by a judge.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *In Re Summers,* 325 U.S. 561 (1945).  Plaintiff contends these cases apply because they conclude that a "judicial inquiry" is not ministerial.  Plaintiff asserts that in the herein case, Mayor Alai was required to make a judicial inquiry once the no contest plea was entered.  To the contrary, the mayor's task was only to determine whether the uncontested facts stated the elements of the offense charged.

*Micale* addressed precisely the facts under consideration in this case and the Court accepts the reasoning and conclusion of the Sixth Circuit which is consistent with Ohio law.  Furthermore, the United States Supreme Court in *Ward* did not extend its holding to uncontested cases, "We intimate no view that it would be unconstitutional to permit a mayor ... to serve in essentially a ministerial capacity in a traffic or ordinance violation case to accept a free and voluntary plea of guilty or nolo contendere..."

For the foregoing reasons, there was no due process violation. [7]

---

[7] Furthermore, undisputed by plaintiff is that Ohio Traffic Rule 9 states, "Guilty and no contest pleas may be taken by any mayor including... mayors who as chief executive and administrative officer of the municipality are responsible for the

18

**(2) Immunity**

Having found no constitutional violation, the Court need not address whether the mayor is entitled to immunity.

**(3) Municipal Liability**

The City is entitled to judgment as a matter of law for the same reasons stated herein.

**<u>Conclusion</u>**

For the foregoing reasons, plaintiff's Motion for Summary Judgment is denied and the Joint Motion for Summary Judgment of Defendants City of Broadview Heights and Samuel J. Alai is granted.

IT IS SO ORDERED.

                                      /s/Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Date:   6/14/10

---

financial condition of the municipality."  Notes to the rule state the reasoning as "guilt is not being contested and the essential problem raised by the conflict of interest is not present in the guilty and no contest pleas."